# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGG BOYDEN** | : | CIVIL ACTION |
| v. | : | |
| **HLS II, LLC and ALICE CUMMINGS** | : | NO. 18-3283 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                            **July 2, 2019**

In this non-jury case, the issue is whether the signatory to a promissory note signed it in her individual capacity or as a representative of the limited liability company of which she was a member and an officer. After considering the evidence and the findings of fact, we conclude that she signed in her representative capacity.

## Facts

Plaintiff Gregg Boyden, a New Jersey resident, invests in large multi-family properties in need of repairs.[1] His personal and business acquaintance, defendant Alice Cummings, a Virginia resident, is a vice president, limited partner, and twelve percent owner of defendant HLS II, LLC (HLS).[2] HLS, a Virginia limited liability company, is a single purpose entity formed to purchase and develop a 254-unit property in Philadelphia.[3]

On December 11, 2017, Cummings telephoned Boyden and requested a loan of $100,000.00 as an earnest money deposit for HLS's purchase of the property.[4] Boyden

---

[1] May 30, 2019 Hearing Tr. 6:18-20, ECF No. 51.

[2] *Id.* 44:22-23, 47:4-6, 72:20-73:6, 89:2-3, 103:18.

[3] *Id.* 73:7-11.

[4] Pl.'s Ex. 1 (Promissory Note) at 1; May 30, 2019 Hearing Tr. 81:1-10, 116:16-18.

agreed to loan the money and requested a document evidencing the loan.[5] Three days later, Cummings forwarded Boyden a "Promissory Note" (Note).[6] The Note listed the Borrower as "HLS II, LLC – Alice Cummings" with the Borrower's mailing address as 31 N. Providence Road, Richmond, VA 23235, the address of HLS.[7] It provided that "the undersigned jointly and severally promise to pay" the loan.[8] On the second page, Cummings signed her name in one place:

       _HLSII, LLC_____(entity)

       Alice Cummings

       /s/ *Alice Cummings*_____
       By: ___Alice Cummings_____
       Its: ___Vice President, HLSII, LLC_____[9]

Upon receipt of the Note, Boyden wired $100,000.00 to FirstTrust Bank for deposit into the account of Cross Prop, LLC, the seller of the property HLS was purchasing.[10]

The loan was payable on December 28, 2017.[11] On June 8, 2018, with the loan still unpaid, Boyden mailed a letter addressed to HLS, to the attention of its president, Orlandus Branch, and a copy to Cummings, "demanding payment in full of the loan I made

---

[5] May 30, 2019 Hearing Tr. 78:7-9, 81:15-20.

[6] Pl.'s Ex. 1 at 2-3; May 30, 2019 Hearing Tr. 15:14-16, 16:4-8, 19:20-22.

[7] Pl.'s Ex. 1 at 2; May 30, 2019 Hearing Tr. 73:20-22.

[8] Pl.'s Ex. 1 at 2.

[9] *Id.* at 3. The lines are as they appear on the note.

[10] Pl.'s Ex. 1 at 4; May 30, 2019 Hearing Tr. 18:5-8, 78:4-6.

[11] Pl.'s Ex. 1 at 2.

to HLS II, LLC . . . ."[12]  No payments pursuant to the Note have been made.[13]

**Analysis**

Where a promissory note contains an unconditional promise to pay a fixed amount of money to order at a definite time and does not require the promisor to perform any act in addition to the payment of money, it is a negotiable instrument.  *See* 13 Pa. C.S.A. § 3104(a).  A note is payable "to order" where it is payable to an identified person rather than the bearer.  *Id.* § 3109(b).  Here, the Note required only that the borrower, "HLS II LLC – Alice Cummings," pay $100,000 to the lender, "Gregg Boyden," by December 28, 2017.[14]  Thus, it was a negotiable instrument.  *See id.* § 3104(a).

A person who signs another's name to a negotiable instrument while acting as his representative makes the represented person liable on the instrument.  *Id.* § 3402(a).  The representative is not liable "[i]f the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument . . . ."  *Id.* § 3402(b).

The statutory language is clear.  The focal point is "the form of the signature."  *Id.*  Only if the form of the signature is ambiguous do we look beyond it.  Here, the form of the signature was not ambiguous.

The form of signature on the Note unambiguously shows Cummings signed it on behalf of HLS.  HLS is listed at the top of the signature block as the "entity."[15]  Her name

---

[12] Pl.'s Ex. 5 (Demand Letters) at 3; May 30, 2019 Hearing Tr. 69:23-70:4.

[13] May 30, 2019 Hearing Tr. 24:5-6, 49:10-13.

[14] Pl.'s Ex. 1 at 2.

[15] *Id.*

3

was printed below HLS's. She signed below her printed name on the line designated for her as vice president of HLS.[16] The form of her signature shows she signed in her capacity as HLS II LLC's, "Vice President."[17] Because the form of signature is unambiguous, Cummings is not liable on the Note. *Cf. Exhibition on Screen, Ltd. v. Pew*, 360 F. Supp. 3d 281, 286 (E.D. Pa. 2018) (signature "for and on behalf" of company was in representative capacity).

Even if Boyden were correct that the form of signature is ambiguous, the evidence shows that Cummings signed the Note as a representative of HLS. "[W]hen there is ambiguity whether a signature was affixed in an individual or representative capacity and (especially where) the litigation is between the original parties to the instrument, parol evidence is admissible to show the facts and circumstances attending its execution in order to resolve that question[.]" *Trenton Tr. Co. v. Klausman*, 296 A.2d 275, 276 (Pa. Super. Ct. 1972) (quotations omitted). When Cummings requested the loan from Boyden on December 13, 2017, she told Boyden that the money was needed for HLS's deposit on the Philadelphia property.[18] Boyden wired the money to a bank as earnest deposit money on behalf of HLS for its purchase of the property.[19] When the loan was not repaid, Boyden sent a demand letter to HLS, not Cummings.[20] The letter demanded payment "of

---

[16] *Id.*

[17] *Id.*

[18] May 30, 2019 Hearing Tr. 55:2-12.

[19] Pl.'s Ex. 1 at 4; May 30, 2019 Hearing Tr. 18:5-8, 78:4-6.

[20] Pl.'s Ex. 5 at 3. Boyden copied Cummings on the letter, but it is not clear whether it was sent to her individually or as a representative of HLS. *Id.*

4

the loan I made to HLS II, LLC . . . ."[21]  Boyden himself believed that he had loaned the money to HLS, not Cummings.

Both the form of signature and the parol evidence establish that HLS, not Cummings, was the borrower on the loan.  Therefore, we shall grant judgment in favor of Cummings.

---

[21] *Id.*